IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. JOHNSON, | No. C 09-0937 JSW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| MIKE MARTEL, Warden, | |
| Respondent. | |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner was convicted of continuous sexual abuse of a child. *See* Cal. Penal Code § 288.5. The jury also found to be true the allegation that he had served a prior prison sentence. *See id.* § 667.5. He was sentenced to the upper term of sixteen years, plus an additional consecutive year for the prior prison term enhancement. His conviction and sentence were affirmed by the California Court of Appeal and the California Supreme Court denied his petition for review. (Ex. C, I.)[1] His state habeas petitions were denied. (Pet. at 3-4.)

---

[1] Citations to "Ex." are to the record lodged with the Court by the Attorney General.

The facts of the crime itself have little bearing on the issues Petitioner raises; those facts relevant to each issue will be set out in the appropriate section below.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable

2

in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

As grounds for habeas relief, Petitioner asserts that: (1) his statements to the police were involuntary and were obtained in violation of his *Miranda*[2] rights; (2) admission of certain inflammatory evidence violated his due process rights; and (3) his Sixth Amendment rights were violated at sentencing.

### I. Statements to Police

Petitioner's first claim is that because his statements to the police were involuntary and were obtained in violation of his *Miranda* rights, they should not have been admitted at trial. His pretrial motion to suppress was denied. The court of appeal set out the facts of this claim:

> Detective Collins and Detective Mackenzie interviewed defendant while he was already in custody on an unrelated issue. During this interview, defendant made several damaging admissions, including that, when the victim, Jane Doe, was 12 years old, he had masturbated in front of her four to six times, and had touched her breast four to seven times. He stated that when that happened, he would say to himself, "[W]hoa, Dave," and would tell Jane that what they were doing was not right. He would also say to himself: "I wish she wasn't my daughter, and I wish she was over 18." He stated that he hated himself for what he had done, and expressed a desire to be in therapy, but he also felt that Jane had deliberately exposed herself to him.

*People v. Johnson*, 2007 WL 2783650, *1 n.1 (Cal. App. 2007).

> At the hearing on the motion to suppress, Detective Collins testified that he and Detective Mackenzie met defendant in an interview room at the Contra Costa County jail. Collins identified himself and Mackenzie as police officers and told defendant they wanted to interview him. Collins did not say why they wanted to interview him, but did say that he needed to read defendant his Miranda rights. Collins read defendant his Miranda rights from

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 473-74 (1966).

a department-issued card. He asked defendant whether he understood those rights and wrote down his response, which was, "Yeah." Collins also asked whether, having those rights in mind, he nonetheless wished to talk, and again defendant responded, "Yeah ." Defendant then answered all questions without objection or expression of any misunderstanding of his rights.

Defendant testified that Detectives Collins and Mackenzie told him they were investigating a friend of his, Mr. Martinez, who had also molested Jane Doe. He acknowledged that Collins read him his Miranda rights, and that defendant stated he was willing to waive those rights and talk. Nevertheless, he did not really understand these rights, due to a lack of education. He "may have mentioned ... [d]o I need an attorney?" He concluded he did not, because he was told he was not in any trouble, and they were just investigating. He also testified that he "thought" Collins informed him they already interviewed Jane's mother.

On cross-examination, defendant admitted that he understood his right to remain silent and to an attorney, and that an attorney would be appointed if he could not afford one. Although he initially testified he could not understand the warning that anything he said could and would be used against him, he later admitted that he did understand these words, and that he had received the same warning in similar words in another case where he pleaded guilty to a felony. He also acknowledged that Detective Collins did not threaten him.

In rebuttal, Detective Collins testified that defendant never asked whether he needed a lawyer. The court found defendant was advised of his Miranda rights, and that the waiver of Miranda rights and the subsequent admissions were voluntary.

*Id.* at *1-2.

The court of appeal found "that defendant was advised of, and understood, his Miranda rights, and that no police coercion induced the waiver or the subsequent admissions, and no other circumstances rendered the waiver or subsequent admissions involuntary." *Id.* at *2.

**A.** *Miranda*

Petitioner's argument here and in state court was that his *Miranda* waiver was involuntary because the interrogators fooled him by claiming that they were investigating Martinez. The court of appeal held that the "evidence was in conflict concerning what Collins told defendant: Defendant testified that Collins told him he was investigating Martinez, but Collins testified that he did not tell defendant why he wanted to interview him, and told him only that because he was in custody he was going to read him his rights." *Id*. The court noted that under California law it was required to "'accept

4

the trial court's resolution of disputed facts and inferences, and its evaluations of credibility, if supported by substantial evidence.'" *Id.* ( quoting *People v. Boyette*, 29 Cal.4th 381, 411 (2002)).  The court of appeal accepted the trial court's implicit finding in favor of the officer's version – that he did not tell Petitioner why he was being questioned – because it was supported by substantial evidence. *Id.*

It then found that:

> Defendant's own testimony establishes that, despite his lack of education, he did understand his Miranda rights and the consequences of waiving them. Although he initially generally asserted that he had trouble understanding these rights, under more specific questioning he admitted he understood his right to remain silent and to an attorney, and that an attorney would be appointed if he could not afford one. Similarly, although he initially testified he could not understand the warning that anything he said could and would be used against him, he later admitted that he did understand these words, and that he had received the same warning in similar words in another case where he pleaded guilty to a felony. Finally, despite his uncertainty about whether he should invoke his right to counsel, he acknowledged that he did not believe he was in trouble, and did in fact agree to waive these rights and talk to the police. . . . We conclude that defendant voluntarily knowingly and intelligently waived his Miranda rights, and that his subsequent admissions were voluntary.

*Id.* at *3.

Once properly advised of his or her rights, an accused may waive them voluntarily, knowingly and intelligently. *See Miranda*, 384 U.S. at 475.  There are two distinct dimensions of waiver: "waiver must be 'voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception," and 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" *Berghuis v. Thompkins*, 130 S.Ct. 2250, 2260 (2010) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)); *Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008) (distinction between voluntariness element and knowing and intelligent element is important).  The validity of a waiver of Miranda rights depends upon the totality of the circumstances, including the background, experience and conduct of the defendant.  *United States v. Bernard S.*, 795 F.2d 749, 751 (9th Cir. 1986).  The government must prove waiver by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986).

As to voluntariness of the waiver, Petitioner's contention is that the waiver was not voluntary, was coerced, because he was told that the officers were investigating Martinez. The court of appeal, however, found as a matter of fact that the officers did not tell him why they were questioning him, and concluded that they did not misrepresent the purpose of the questioning. *Johnson*, 2007 WL 2783650 at *2. Given the conflicting testimony – Petitioner's that an officer told him they were investigating Martinez, and Officer Collins' that they did not tell him why they were questioning him – this finding of fact was reasonable. Because Petitioner has not established the unreasonableness of the court of appeal's finding, his argument fails. His contention that his *Miranda* waiver was not voluntary cannot be the basis for habeas relief here. *See* 28 U.S.C. § 2254(d)(2); *Miller-El*, 537 U.S. 322 at 340 (a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.").

As to Petitioner's contention that the waiver was not knowing and intelligent, in the portion of the opinion quoted above the court of appeal set out Petitioner's testimony that he did in fact understand the warnings, and that, having previously been convicted of a felony, he knew the possible consequences. *Id.* at *3. He has not attempted to challenge the accuracy of the court of appeal's recitation of the record. Given this, the court's conclusion that the waiver was knowing, voluntary, and intelligent was correct.

**B.    Voluntariness of Statements**

Involuntary confessions in state criminal cases are inadmissible under the Fourteenth Amendment. *Blackburn v. Alabama*, 361 U.S. 199, 207 (1960). Absent police misconduct causally related to the confession, there is no basis for concluding that a confession was involuntary in violation of the Fourteenth Amendment. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). Here, the basis for Petitioner's contention that he was the victim of police coercion was the purported statement by the interrogators that they were investigating Martinez. For the reasons discussed in the section above, the

1 court of appeal's finding that there was no such statement was not unreasonable; in the
2 absence of that fact, Petitioner's claim as to voluntariness collapses.

### C. Conclusion

Petitioner's *Miranda* waiver was voluntary, knowing, and intelligent. His statements to police were voluntary. The trail court thus did not violate Petitioner's rights by admitting the statements into evidence. This claim is without merit.

## II. Admission of Propensity Evidence

Petitioner contends that certain testimony by the victim was propensity evidence and should not have been admitted.

The court of appeal set out the background for this claim:

> Jane testified that she was frightened of defendant because of his appearance and his bad reputation. Jane's mother had told her he was a violent person and that he was connected to the Hell's Angels. She also told Jane that defendant had spent time in and out of custody, which scared Jane because she knew that jails and prisons are "very tough." Jane once saw defendant jump on her mother and try to strangle her, and another time she overheard her mother screaming at defendant to get away from her and called the police. She had also seen defendant push over her baby sister, who was strapped into a car seat, and leave her hanging upside down. Jane's mother told her about another time when defendant threw the baby on the couch.

*Johnson*, 2007 WL 2783650 at *3. The trial court admitted this testimony as going to the reason for Jane's delay in telling anyone about the molestations, and gave a limiting instruction to that effect. *Id.* at *4. It also gave a limiting instruction before the testimony, noting that Jane's testimony about what her mother had told her was not offered for the truth of the matter. *Id.*

The United States Supreme Court has stated that it is an open question whether admission of propensity evidence violates due process. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991). Based on the Supreme Court's reservation of this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence — such as evidence of Petitioner's prior bad acts here — is not clearly established as required by AEDPA. *Alberni v. McDaniel*, 458 F.3d 860, 866-67 (9th Cir. 2006). Because there is no clearly established Supreme Court authority

7

on this point, the court of appeal's rejection of this claim was not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.

### III.    Sixth Amendment Sentencing Claim

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 488-90. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court explained that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303. This means that the "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." *Cunningham v. California*, 127 S. Ct. 856, 868 (2007). In *Cunningham*, the Supreme Court, citing *Apprendi* and *Blakely*, held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that it contravenes "*Apprendi's* bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.'" *Id.* (quoting *Apprendi*, 530 U.S. at 490).[3]

There is no constitutional error in this case for two reasons. First, the prior conviction exception to the general rule in *Apprendi*, providing that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt, applies. *Butler*, 538 F.3d at 643 (citing *Apprendi*, 530, U.S at 490 and *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998)). The Ninth Circuit has recognized that "the Supreme Court has not overruled the *Almendarez-Torres* exception for prior convictions" and therefore the "obligation to apply the *Almendarez-Torres* exception [remains] unless and until it is rejected by the Supreme Court." *Butler*, 528

---

[3] *Cunningham* applies retroactively on collateral review only to convictions that became final on direct review after the decision in *Blakely* on June 24, 2004. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The conviction in this case became final in early 2008, so *Cunningham* applies retroactively.

8

1  F.3d at 643-44.  Here, Petitioner was sentenced to the upper term based on several

2  aggravating factors – one of which was that he had three prior felony convictions.  (Ex.

3  B at 874-77.)  This basis for the upper term clearly falls into the "prior conviction"

4  exception from *Almendarez-Torres* and *Apprendi*.

5  The fact that the trial court also found other aggravating circumstances – that Jane

6  was a vulnerable victim, that Jane was young, that Petitioner had taken advantage of a

7  position of trust; and that he has used force – does not alter this conclusion.  "[U]nder

8  California law, only one aggravating factor is necessary to set the upper term as the

9  maximum sentence." *Butler*, 528 F.3d at 641.  "[I]f at least one of the aggravating

10 factors on which the judge relied in sentencing [petitioner] was established in a manner

11 consistent with the Sixth Amendment, [petitioner's] sentence does not violate the

12 Constitution." *Id.* at 643.  Therefore, as it was within the trial court's discretion to

13 sentence petitioner to the upper term based solely upon his prior convictions, Petitioner's

14 sentence is constitutional irrespective of "[a]ny additional factfinding" with respect to

15 additional aggravating circumstances.  *Id.*

16 Because the trial court relied upon at least one factor "established in a manner

17 consistent with the Sixth Amendment,"  the sentence Petitioner received did not violate

18 his Sixth Amendment rights.

19 **C. Appealability**

20 The federal rules governing habeas cases brought by state prisoners have recently

21 been amended to require a district court that denies a habeas petition to grant or deny a

22 certificate of appealability in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases,

23 28 U.S.C. foll. § 2254 (effective December 1, 2009).

24 A petitioner may not appeal a final order in a federal habeas corpus proceeding

25 without first obtaining a certificate of appealability (formerly known as a certificate of

26 probable cause to appeal).  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge

27 shall grant a certificate of appealability "only if the applicant has made a substantial

28 showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate

must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: July 15, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\JSW\HC.09\Johnson937.RUL.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID A. JOHNSON,

        Plaintiff,

  v.

MIKE MARTEL et al,

        Defendant.

Case Number: CV09-00937 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David A. Johnson
P.O. Box 409040
T17006
Ione, CA 95640

Dated: July 15, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk